**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

KEQIN GUO,

Plaintiff,

v. Case No. 04-CV-71290-DT

THE CIT GROUP, INC., and
MATRIX ABSENCE MANAGEMENT, INC.,

Defendants.

_____________________________________/

**OPINION AND ORDER DENYING IN PART, GRANTING IN PART PLAINTIFF'S "MOTION FOR COSTS AND FEES"**

Pending before the court is Plaintiff Keqin Guo's July 22, 2005 "Motion for Costs and Fees." A response was filed on August 13, 2005, and the court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, Plaintiff's motion will be denied in part and granted in part. The court will grant Plaintiff's request for prejudgment interest on her short term benefits, but deny her motion in all other respects.

## I. BACKGROUND

On April 6, 2004, Plaintiff Keqin Guo filed a complaint against Defendant CIT Group, Inc. and Matrix Absence Management, Inc., alleging that Defendants wrongfully denied her long term and short term disability benefits pursuant to 29 U.S.C. §§ 1101 et seq., the Employment Retirement Income Security Act of 1974 ("ERISA").

After reviewing Plaintiff's file, Defendants determined that Plaintiff had not fully exhausted her claim for long term benefits. The parties therefore agreed to delay the litigation of Plaintiff's claim for long term benefits pending a final determination by Defendants. (*See* Pl.'s Br. at 8; Defs.' Br. at 1.) On May 27, 2005, Defendants sent a letter to Plaintiff indicating that they would pay Plaintiff's short term disability benefits and twenty-four months of long term disability benefits. Thereafter, this court dismissed this case because Plaintiff's ERISA complaint had been remedied by Defendants' administrative determination. (*See* 6/30/05 Order.)

Defendants, however, did not agree to pay for Plaintiff's costs, interest and attorney fees associated with this case. Thus, on July 22, 2005, Plaintiff filed the instant motion arguing that Defendants are responsible for Plaintiff's attorney fees, costs and prejudgment interest on the long and short term benefits because Plaintiff is a prevailing party. (Pl.'s Mot. at 9.) Specifically, Plaintiff seeks costs and fees in the amount of $6,829.67. This amount includes attorney fees for $5,036.96, costs for $375.45; short term benefit interest for $448.92 and long term benefit interest for $968.34. (Pl.'s Mot. at 17.)

**II. STANDARD**

Under the general American Rule, unless Congress provides otherwise, parties to litigation are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees."). Pursuant to 29 U.S.C. § 1132(g)(1), this

court has discretion award reasonable attorney fees and costs of action to either party.[1] 29 U.S.C. § 1132(g)(1); *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 936 (6th Cir. 2000). The district court, in exercising its discretion, generally looks to the following factors in considering the appropriateness of an award of attorney fees: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). No single factor is determinative, and this court must consider each factor before exercising its discretion. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998) (citing *Wells v. United States Steel*, 731, 736 (6th Cir. 1996)). There is no presumption that attorney fees and costs will be awarded in ERISA cases. *Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).

---

[1]Plaintiff asserts that she is entitled to attorney fees because she is "prevailing party." Defendants argue that Plaintiff is not a "prevailing party" under *Chambers v. Ohio Dep't of Human Svcs.*, 273 F.3d 690, 691 (6th Cir. 2001) because she did not obtain a judgment from the court. The court finds that the "prevailing party" analysis is not the appropriate standard to employ in ERISA cases. Federal statutes governing ERISA do not appear to require any party to be a prevailing party to receive attorney fees and costs. The court in its discretion may award reasonable attorney fees and costs to either party. 29 U.S.C. 1132(g)(1).

## III. DISCUSSION

### A. Attorney Fees and Costs

Plaintiff asserts that the court should award her attorney fees and costs for this litigation. (Pl.'s Mot. at 17.) Plaintiff contends that four of the five factors in considering the appropriateness of attorney fees weigh in her favor.[2] (Pl.'s Mot. at 13.) The court concludes, based on the five *King* factors, Plaintiff is not entitled to an award of attorney fees and costs.

First, no conclusive evidence shows bad faith or culpability on the part of Defendants. Plaintiff argues that the overall delay of the administrative procedure and the denial of benefits which necessitated the commencement of the lawsuit showed bad faith on Defendants. (Pl.'s Mot. at 13-15.) Plaintiff places great weight on the fact that Defendants initially denied her claim for short term benefits but ultimately paid them after the commencement of this action. The court is not persuaded that this delay in paying Plaintiff's short term benefits sufficiently evinces bad faith or culpability to justify shifting the responsibilities of attorney fees to Defendant. Indeed, the court notes that the bulk of Plaintiff's complaint, at least monetarily, was focused on long term disability benefits. As Plaintiff points out, the legal work and activities required to prove her short term benefits claim as opposed to her long term benefits claim is essentially identical. (*See* Pl.'s Br. at 15.) Thus, even if Defendants' initial denial of Plaintiff's claim for short

---

[2] Plaintiff contends that the fourth *King* factor is not applicable. *See King*, 775 F.2d at 669 (stating fourth factor is whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA).

term benefits constituted "bad faith," their denial did not bring about the expenditure of all the subject attorney fees, since Plaintiff would have brought this action for long term benefits in any event.

Moreover, the court finds that any bad faith exhibited by Defendants in their denial of short term benefits is counterbalanced by Plaintiff's own action in pursuit of this claim as a whole, and more specifically her claim for long term benefits. Plaintiff initiated this action without fully exhausting her claim for long term benefits. (*See* Pl.'s Br. at 8; Defs.' Br. at 1.) Plaintiff blames Defendant for this fact, arguing that the failure to exhaust was due to Defendants' May 14, 2003 denial letter, which had a subject line of "Short Term Disability Benefits," but referred to Plaintiff's "Long Term Disability claim" in the body of the letter. (*See* Pl.'s Ex. B.) While Defendants certainly bear some responsibility for this error, the court finds that the bulk of the responsibility for filing this action without conducting a full investigation of the facts lies with Plaintiff's counsel. Moreover, the court finds that additional costs were unnecessarily expended by Defendants because Plaintiff would not originally concur in a motion to dismiss, but later stipulated to the relief requested therein. (*See* 9/07/04 "Motion to Dismiss" & 11/05/04 Stipulation).

The court thus concludes that the first factor of the *King* test, the degree of the opposing party's culpability or bad faith, does not weigh in favor of an award of attorney fees. *King,* 775 F.2d at 669.

With respect to the second *King* factor, there is no substantive dispute that Defendants have the financial ability to pay for Plaintiff's attorney fees and costs for $5,412.41. As Defendants point out, however, that "Defendants *can* pay, [does not

mean] they *should* pay." (Defs.' Br. at 4 (emphasis in original).) The court merely notes that a financial inability to pay by Defendants is not a concern in this case.

Third, an award of attorney fees and costs would not have the deterrent effect on other persons under similar circumstances. This factor is minimized here because no conclusive evidence shows bad faith or culpability on Defendants. The court is not persuaded by Plaintiff's argument that Defendants intentionally denied the benefits, only to hope that she would not initiate an action. The record simply does not bear out this allegation. Even if such were the case, Defendants own attorney fees are enough to deter Defendants to undertake such actions in the future. Thus, no deterrent effect would result from awarding attorney fees or costs to Plaintiff in this case. Moreover, the court agrees with Defendants that awarding attorney fees to Plaintiff in this case may actually deter Defendants from acting in good faith in the future. (*See* Defs.' Br. at 4.) The court should not deter Defendants' from acting as they did in this case when they specifically invited Plaintiff to "assert [her] administrative rights." (*Id.*)

Plaintiff acknowledges that the fourth *King* factor is not present in this case, as she is not seeking to confer a common benefit on any ERISA plan beneficiaries or to resolve any significant legal questions regarding ERISA. *(See* Pl.'s Br. at 13.)

Fifth, the court finds that relative merits of the parties' positions did not favor either party in this case. The court assumes, without deciding, that Defendants should have initially granted Plaintiff's short term benefits claim. Even if such were the case, this does not mean that this factor necessarily weighs in favor of shifting attorney fees, because Plaintiff's long term disability claim was not ripe when she filed her complaint. Moreover, Plaintiff voluntarily dismissed part of her action after Defendants filed a

motion to dismiss. (*See* 9/07/04 "Motion to Dismiss" & 11/05/04 Stipulation). Accordingly, the relative merits of the parties' positions did not favor either side, and this factor does not weigh in favor of granting Plaintiff's motion.

After reviewing the five *King* factors, the court finds that Plaintiff is not entitled to attorney fees in this case.

**B. Prejudgment Interest**

Plaintiff also seeks prejudgment interest on both the long term benefits and short term benefits. Specifically, Plaintiff seeks short term benefit interest in the amount of $448.92, and long term benefit interest in the amount of $968.34. Defendants do not dispute Plaintiff's calculations, but instead contend that Plaintiff is not entitled to prejudgment interest because no formal judgment was entered in this case. (Defs.' Br. at 6.) Under the peculiar facts of this case, however, the court finds that the lack of judgment is not a bar to Plaintiff's request.

The Sixth Circuit has held that "[a]lthough ERISA does not mandate the award of prejudgment interest to prevailing plan participants, we have long recognized that the district court may do so at its discretion in accordance with general equitable principles." *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 616 (6th Cir. 1998). Thus, whether to award prejudgment interest is a matter within the court's discretion, which should be exercised "in accordance with general equitable principles." In this case, general equitable principles do not allow Defendants to rely on the lack of formal judgment to avoid any prejudgment interest responsibilities. This case was dismissed on June 30, 2005, on the court's initiative and with the parties agreement, on the express condition that the parties could litigate the issue of attorney fees and interest liability. (*See*

6/30/05). As Plaintiff points out, to the extent Defendants rely on the lack of a formal judgment to avoid prejudgment interest liability, the court could simply grant Plaintiff's request to reopen the case, enter a judgment in favor of Plaintiff on the short term benefits claim (to which, in practicality, Defendants have already admitted liability and indeed paid). (*See* Pl.'s Br. at 12.) Rather than go through this administrative formality, however, the court will simply address the merits of Plaintiff's request for prejudgment interest.

The court finds that general equitable principles require that Plaintiff be awarded prejudgment interest on her short term benefits, but not her long term benefits. "An award of prejudgment interest serves to compensate the 'beneficiary for the lost interest value of money wrongly withheld from him or her.'" *Hoover v. Provident Life and Acc. Ins. Co.,* 290 F.3d 801, 810 (6th Cir. 2002) (quoting *Ford,* 154 F.3d at 618). The court finds that long term benefits were not wrongly withheld from Plaintiff, because she never completed the administrative process. Nonetheless, it appears to the court that short term benefits were indeed wrongly withheld. There is no dispute that Plaintiff completed the administrative process with respect to her short term disability application, but Defendants did not grant her the benefits until they reviewed her medical information "in the course of the long-term [benefits] review." (Defs. Br. at 2.) In Defendants' May 27, 2005, letter they essentially conceded that she was entitled to the short term benefits which were initially denied. (*See* Pl.'s Br., Ex. E.) The court finds that Plaintiff is entitled to the lost interest value of the money wrongly withheld from her as a result of her initial short term benefits denial. *See Hoover*, 290 F.3d at 810. Accordingly, Defendant will

be ordered to pay short term benefit interest in the amount of $448.92.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Costs and Fees" [Dkt. # 22] is DENIED IN PART AND GRANTED IN PART. It is GRANTED with respect to Plaintiff's request for prejudgment interest on her short term benefits, but DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant shall pay Plaintiff short term benefit interest in the amount of $448.92 within thirty (30) days of the date of this order.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2005, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522